**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MURIEL T. PIKE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:14-CV-3949-RWS |
| JEH JOHNSON, Secretary of U.S. : | |
| Department of Homeland Security, : | |
| LEON RODRIGUEZ, Director of : | |
| U.S. Citizenship and Immigration : | |
| Services, BRETT R. RINEHART, : | |
| Director of Atlanta Field Office, : | |
| U.S. Citizenship and Immigration : | |
| Services, : | |
| : | |
| Defendants. : | |

**<u>ORDER</u>**

This case comes before the Court on Defendants' Motion to Dismiss [4]. After reviewing the record, the Court enters the following Order.

**Background**

Plaintiff Muriel T. Pike is a native and citizen of Jamaica. (Compl. ¶¶ 2.) On September 8, 1996, Plaintiff arrived in the United States at Newark International Airport, where she presented a U.S. birth certificate to an Immigration Inspector and sought admission as a returning U.S. citizen. (Dkt.

AO 72A
(Rev.8/82)

[4-1] at 7–13.)  The birth certificate identified Plaintiff as Jania Terrona Lodge, born in Brooklyn, New York, on January 26, 1980.  (Id. at 7.)  Plaintiff also had an Air Jamaica boarding pass and ticket for Jania Lodge Thompson as well as a New York high school identification card for Jania Thompson.  (Id. at 8–10.)  The Immigration Inspector became suspicious and directed Plaintiff to secondary inspection, where she was questioned about her identity.  (Id. at 11.)  There, Plaintiff admitted that she was not a U.S. citizen.  (Id.)  However, she then stated that her real name was Taniesha Smith and that she was born in Jamaica.  (Id. at 12.)  Plaintiff stated that she obtained the U.S. birth certificate from a woman named Marie, whom she had never met.  (Id. at 11.)

On September 9, 1996, Plaintiff signed a sworn statement claiming to be Taniesha Smith.  (Id. at 12–13.)  Later that day, Plaintiff admitted her true and correct name was Muriel Tassetha Edwards, born in Jamaica on June 17, 1981.  (Id. at 14–15.)  When asked why she previously identified herself as Taniesha Smith, Plaintiff responded, "Because I was scared, and made up this name."  (Id. at 16.)  Plaintiff was again asked how she obtained the U.S. birth certificate, and responded, "When I was at the airport in Jamaica, a lady gave me the birth certificate, and my airline tickets."  (Id.)  Plaintiff's older sister, Ilene McLean,

2

admitted that she procured the documents Plaintiff was carrying after paying an unknown person in New York to make the arrangements in Jamaica. (Id. at 14.)

After she was advised that she may be excluded from the United States, Plaintiff requested an exclusion hearing before an Immigration Judge. (Id. at 17.) Plaintiff was then served with Form I-122, charging Plaintiff with excludability under 8 U.S.C. § 1182(a)(6)(C), seeking entry into the United States by fraud or willful misrepresentation of material fact, and under 8 U.S.C. § 1182(a)(7)(A)(i)(I), being an immigrant not in possession of a valid, unexpired immigrant visa or other valid entry document. (Id. at 19–20.)

Because she was a juvenile, the INS paroled her into the United States to await her hearing, and she was released into the custody of her sister, Ilene McLean. (Id. at 14.) However, Plaintiff failed to appear for her exclusion hearing. (Id. at 23.) As a result, on January 16, 1997, Plaintiff was ordered excluded and deported *in absentia* pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of a valid, unexpired immigrant visa or other valid entry document. (Id.) The order did not include fraud as a basis for the ruling. (Id.) Plaintiff has apparently remained in the United States in spite of that order.

3

On March 30, 2004, Plaintiff married Rory Pike, a U.S. citizen. (Compl. ¶¶ 13). On December 21, 2004, U.S. Citizenship and Immigration Services ("USCIS") approved Rory Pike's request to classify Plaintiff as the spouse of a U.S. citizen. (Compl. ¶¶ 14.) On January 1, 2007, Plaintiff filed a Form I-485, Application to Register Permanent Resident or Adjust Status ("Adjustment Application"). (Compl. ¶¶ 15.) USCIS sent Plaintiff a Request for Evidence on March 30, 2009, notifying Plaintiff that she appeared to be ineligible for a status adjustment because she misrepresented a material fact or committed fraud and because she was unlawfully present in the United States. (Compl. ¶¶ 15.)

Plaintiff then filed a Form I-601 on May 28, 2009, requesting a waiver of inadmissability based on the emotional hardship that her deportation would cause her husband and their three children. (Compl. ¶¶ 16.) On June 16, 2009, USCIS denied Plaintiff's waiver application because she did not demonstrate the requisite level of hardship to her U.S. citizen family members. (Compl. ¶¶ 16.) That same day, USCIS issued a Notice of Decision denying Plaintiff's Form I-485 Adjustment Application because her inadmissability to the United States barred the status adjustment. (Dkt. [4-1] at 39–41.) In its reasoning, USCIS cited both fraudulent entry and entry without valid identification as

4

potential reasons for inadmissability, but only concluded that Plaintiff was found inadmissible because she "attempted to enter the United States without a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document." (Id. at 40.)

Plaintiff appealed the denial of her Adjustment Application to the USCIS Administrative Appeals Office ("AAO") on September 30, 2010. (Id. at 42–43.) However, the AAO rejected Plaintiff's appeal, noting that "the AAO does not have appellate jurisdiction over an appeal from the denial of an application for adjustment of status." (Id. at 44–45.) Plaintiff then initiated this action, filing a complaint for writ of mandamus and a declaratory judgment to vacate USCIS's denial of her Adjustment Application and to grant the adjustment of status. Defendants now move to dismiss.

## Discussion

### I.   Motion to Dismiss Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences

5

in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

6

**II.     Defendants' Motion to Dismiss**

Plaintiff's Complaint requests this Court to vacate USCIS's denial of Plaintiff's Adjustment Application and grant her adjustment of status.  Under the Administrative Procedure Act ("APA"), a court may set aside an agency action only if it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  This standard of review is "exceedingly deferential":

> To determine whether an agency decision was arbitrary and capricious, the reviewing court must consider whether the decision was based on a consideration of the relevant facts and whether there has been a clear error of judgment.  This inquiry must be searching and careful, but the ultimate standard of review is a narrow one.  Along the standard of review continuum, the arbitrary and capricious standard gives an appellate court the least latitude in finding grounds for reversal; administrative decisions should be set aside in this context only for substantial procedural or substantive reasons as mandated by statute, not simply because the court is unhappy with the result reached.

Citizens for Smart Growth v. Sec'y of Dep't of Transp., 669 F.3d 1203, 1210 (11th Cir. 2012) (emphasis in original) (citations omitted).

The Court's review focuses on the administrative record that was before the agency at the time of the disputed action.  Camp v. Pitts, 411 U.S. 138, 142 (1973).  In doing so, "the court's role is to ensure that the agency came to a

rational conclusion, not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." Leal v. Sec'y, U.S. Dep't of Health & Human Servs., 620 F.3d 1280, 1282 (11th Cir. 2010); see also Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (reviewing court must ensure that agency examined the relevant data and articulated a "rational connection between the facts found and the choice made").

Plaintiff challenges USCIS's decision to deny her Adjustment Application, arguing that USCIS improperly found that she was ineligible for an adjustment of status because she was inadmissible for presenting fraudulent entry documentation under 8 U.S.C. § 1182(a)(6)(C). The Court will also address Plaintiff's inadmissibility for attempting to enter the United States without valid entry documentation under 8 U.S.C. § 1182(a)(7)(A)(i)(I), which was another issue in her Adjustment Application.

A.   Inadmissability Under 8 U.S.C. § 1182(a)(6)(C)

Plaintiff argues that USCIS abused its discretion by erroneously denying her Adjustment Application. Plaintiff alleges that USCIS found her ineligible for a status adjustment because she was inadmissible to the United States for

violating 8 U.S.C. § 1182(a)(6)(C) by presenting false entry documentation. See 8 U.S.C. § 1255(a) (providing that an alien's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed"). According to Plaintiff, this was erroneous because nothing indicates that Plaintiff intended to commit fraud or willful misrepresentation, and she was unable to form that intent at the age of fifteen (when she entered the United States).

However, willful misrepresentation under 8 U.S.C. § 1182(a)(6)(C), in contrast to fraud, "does not require 'intent to deceive.' " Ortiz-Bouchet v. U.S. Att'y Gen., 714 F.3d 1353, 1357 (11th Cir. 2013) (quoting Matter of Kai Hing Hui, 15 I. & N. Dec. 288, 290 (BIA 1975)); see also Azim v. U.S. Att'y Gen., 314 F. App'x 193, 196 (11th Cir. 2008) ("[T]here is no requirement that [a plaintiff's] misrepresentations have been made with an intent to deceive."). Rather, "[a]n alien's misrepresentation is willful if the statement was deliberate

9

and the alien had knowledge of the statement's falsity." Id. at 196.

Here, there is evidence from which USCIS could have concluded that Plaintiff deliberately attempted to enter the United States with false documents, and she understood that the documents she was entering with were not her own. In fact, when asked about the second false name she gave to an Immigration Inspector, Plaintiff stated that she "made up this name."[1] (Dkt. [4-1] at 16.) Therefore, it was reasonable for USCIS to conclude that Plaintiff's misrepresentations were willful.

And while Plaintiff was fifteen years old at the time, age is a relative term when considering a person's capacity to make a willful misrepresentation. Malik v. Mukasey, 546 F.3d 890, 892 (7th Cir. 2008) ("Being over 16 . . . is quite different than being 10."). For example, a five-year-old is not capable of having knowledge of a falsity. See Singh v. Gonzales, 451 F.3d 400 (6th Cir.

---

[1] While Plaintiff argues that she timely retracted her false statements, a retraction is not valid if it is made after the person "knew that his false representations would not succeed in getting him admitted into the country" and exposure was imminent. Valadez-Munoz v. Holder, 623 F.3d 1304, 1310 (9th Cir. 2010). Here, it is reasonable to conclude that Plaintiff's retractions came only after realizing imminent exposure. She admitted the false documents were not her own, but only after the Immigration Inspector directed her to a secondary inspection where she was questioned about her identity. She then signed a written statement given to the Immigration Inspector using another false name, and only revealed her true identity later that day after further investigation.

2006) (finding that a parent's fraudulent entry charge could not be imputed to her five-year-old child who entered with her because the child was incapable of having knowledge of a falsity). However, in Malik v. Mukasey, the court found that the plaintiffs were capable of making material misrepresentations at age seventeen because they were "young when the [misrepresentations] occurred but . . . old enough to know better and to be held accountable for their actions." 546 F.3d at 892. Here, Plaintiff was much closer to age seventeen than to age five when she made the misrepresentation, and it appears from her communications with the Immigration Inspector that she was aware that her statements were false when made.

In addition, USCIS's Policy Manual makes clear that USCIS does "not exempt a person from inadmissibility for fraud or willful misrepresentation solely based on age or mental incapacity . . . [Being] under 18 years of age, in particular, is not determinative." USCIS Policy Manual, Vol. 8, Part J, Chap. 3, available at http://www.uscis.gov/policymanual/HTML/PolicyManual-Volume8-PartJ-Chapter3.html. Rather, USCIS advises its officers to consider a variety of other factors, including the person's level of education, mental capacity, level of understanding, and ability to appreciate the difference

11

between true and false.  Id.  And here, Plaintiff's interactions with Immigration Inspectors and responses to a variety of probing questions show no indication that Plaintiff was incapable of the offense.

Accordingly, Plaintiff's argument that she lacked the intent or the capacity to violate 8 U.S.C. § 1182(a)(6)(C) is not legally sufficient to show that USCIS's ruling was arbitrary and capricious.

B.    Inadmissability Under 8 U.S.C. § 1182(a)(7)(A)(i)(I)

Even if the Court found that USCIS erroneously concluded that Plaintiff was inadmissable under 8 U.S.C. § 1182(a)(6)(C), USCIS also denied Plaintiff's Adjustment Application because she was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), for attempting to enter the United States without valid entry documentation.  Although Plaintiff did not expressly challenge this basis for denial, after reviewing the record, the Court finds that USCIS did not abuse its discretion in reaching this conclusion, either.

The record indicates that Plaintiff entered the United States in 1996 carrying only invalid documentation.  None of the documents that Plaintiff entered with were her own.  Indeed, the Immigration Judge determined she was inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because

12

she failed to present valid entry documents.  (Dkt. [4-1] at 23.)  In fact, the judge's order does not mention 8 U.S.C. § 1182(a)(6)(C) or any other fraud-related charge.  (Id.)  In 2009, USCIS also based its decision to deny Plaintiff's Adjustment Application on her lack of valid entry documentation, stating, "You are therefore inadmissible to the United States in that you attempted to enter the United States without a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document."  (Dkt. [4-1] at 40.)  Thus, USCIS "came to a rational conclusion," and its denial of Plaintiff's Adjustment Application was not arbitrary or capricious.[2]  See Leal, 620 F.3d at 1282.

Regardless of Plaintiff's capacity to have attempted to enter the United States through fraud or willful misrepresentation, USCIS rationally concluded that Plaintiff is ineligible for a status adjustment because she attempted to enter the United States without valid entry documentation.  Therefore, because

---

[2] The Court further notes that it is only addressing USCIS's decision to deny Plaintiff's Adjustment Application, not USCIS's decision to deny Plaintiff's waiver application.  In fact, the Court lacks jurisdiction to review USCIS's denial of waiver. 8 U.S.C. § 1182(h) ("No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver [of inadmissability for unlawful presence]."); 8 U.S.C. § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver [of inadmissability for fraud or willful misrepresentation of material fact].").

USCIS's decision to deny Plaintiff's Adjustment Application was not arbitrary, capricious, or an abuse of discretion, Plaintiff's complaint fails to state a claim and is due to be dismissed.

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [4] is **GRANTED**.

**SO ORDERED**, this   17th   day of April, 2015.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)